UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEVERLY A. MILLER,<br><br>             Plaintiff<br><br>        v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security Administration,[1]<br><br>             Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 12-30201-KPN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS and
DEFENDANT'S MOTION FOR JUDGMENT AFFIRMING
THE COMMISSIONER'S DECISION</u>
(Document Nos.11 and 16 )
November 14, 2013

NEIMAN, U.S.M.J.

Beverly A. Miller ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 301 *et seq.*, for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income benefits.  Presently before this court is Plaintiff's motion for judgment on the pleadings and the Commissioner's motion to affirm the decision.

---

[1] Carolyn W. Colvin became the Commissioner of Social Security on February 14, 2013 and is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d).

The parties have consented to this court's jurisdiction.  *See* 28 U.S.C. § 636(c); FED. R. CIV. P. 73.  For the following reasons, the court will allow the Commissioner's motion to affirm and deny Plaintiff's motion.

## I. DISCUSSION

The parties are well aware of the factual and procedural history of this case, the standard of review, and the applicable five step sequential analysis.  Plaintiff advances two arguments to support her motion for judgment on the pleadings, one procedural and another substantive.  First, Plaintiff contends that the Administrative Law Judge ("ALJ") erred in failing to offer to postpone the hearing because she was an essential witness and was unable to attend.  Second, Plaintiff asserts the ALJ erred when concluding that she retained the residual functional capacity to engage in substantial gainful activity despite medical evidence supporting her additional mental limitations.  The court finds neither of these arguments convincing.

### A. *Plaintiff's Absence from the Hearing*

Plaintiff first claims that the ALJ erred in failing to offer to postpone the hearing and in proceeding to issue a decision based on Plaintiff's testimony and record evidence adduced at prior administrative hearings.  In Plaintiff's view, proceeding in her absence prevented the ALJ from evaluating the evidence and making credibility determinations as instructed by the Appeals Council.

The court is not at all persuaded by this argument.  Plaintiff's representative affirmatively requested that the hearing go forward in Plaintiff's absence, a fact practically ignored in her present motion.  The exchange between Plaintiff's

representative and the ALJ, which constitutes almost the entire September 1, 2011 hearing transcript, is as follows:

> ALJ: This is the hearing in the matter of Beverly Miller. Today is September 1, 20[1]1 and this hearing is now open. I note for the record, we have the claimant's representative, Mr. Bruce Ferin present and we do not have a claimant. Mr. Ferin, what's the status of your client?
>
> . . . .
>
> REP: -- Ms. Miller called or her fiancee called me approximately an hour and 40 minutes ago and said that she was violently ill. And I believe because of multiple medical problems that she does have, so she will not be appearing. But I would say as far as the claimant's representative, that this case has been before the Social Security Administration on several occasions, been sent back a couple times, and as far as I am concerned, I would have no problem at all if you (INAUDIBLE) decision based on just the record. That the testimony that my client would give, is essentially -- would be the same as it had been in every single other case. Has anything really changed? Not specifically, but her vision has gotten worse in some, some (INAUDIBLE).
>
> ALJ: I see your office has submitted numerous updated medical records. So it looks like we do have a complete record. Okay, well that's fine. That's what I will do. . . .

(Administrative Record at 130-31.) Thus, Plaintiff's representative actually requested that the ALJ go forward in her absence. Further, Plaintiff's representative indicated that it would be appropriate for the ALJ to evaluate her subjective complaints, as directed by the Appeals Council, based on Plaintiff's prior testimony. In instances such as this, an administrative law judge is permitted to evaluate the evidence and make credibility determinations without the claimant's presence. *See Fontanez v. Barnhart*, 2006 WL 1155471, at *8 (D. Mass. April 25, 2006) (finding that administrative law judge's determinations regarding claimant's condition and credibility were based on substantial

evidence although claimant did not appear at the hearing, and stating it seemed "disingenuous" for the claimant to argue that his absence from the hearing warranted reversal of the decision where his counsel specifically requested the hearing go forward without him).  Tellingly, Plaintiff did not question this approach in her November 2, 2011 letter to the Appeals Council requesting review of the ALJ's decision; she raises it for the first time in her present motion.  Unfortunately for her cause, the court finds no error in the ALJ accepting the representations made on Plaintiff's behalf and going forward in her absence.

### B.  Plaintiff's Residual Functional Capacity

Relying on what she refers to as a "large body of evidence" concerning her mental health impairments, Plaintiff next argues that the ALJ erred in finding that she retained the residual functional capacity to perform light work.  The court finds this argument unpersuasive as well.

As the Commissioner argues, when assessing the effect of an impairment, the question is not whether it exists at all, but whether the impairment is disabling.  Having reviewed the record, the court finds that the ALJ's conclusion that Plaintiff's impairment did not preclude work was supported by substantial evidence.  In short, in reaching his decision, the ALJ measured Plaintiff's subjective complaints against her medical records and her own reported activities during the relevant time period, assigned weight to this evidence, and assessed her credibility.  The ALJ also recognized Plaintiff's mental impairments but noted that her treatment records indicated a level of activity far in excess of what she alleged, citing both her volunteer activities and the medical records reflecting a largely stable mental state.  Any conflict in the evidence, and the court

perceives none, was for the ALJ to resolve.  *See Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The Secretary may (and, under his regulations, must) take medical evidence.  But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").  Given this record, the court will not disturb the ALJ's decision.

## II.  CONCLUSION

For the reasons stated, the Commissioner's motion to affirm is ALLOWED and Plaintiff's motion is DENIED.

SO ORDERED.

DATED: November 14, 2013

                                         /s/   Kenneth P. Neiman
                                         KENNETH P. NEIMAN
                                         U.S. Magistrate Judge